# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
BARTOSZ GORZKO,

          Plaintiff,

  -against-

BJ'S WHOLESALE CLUB, INC.,
BJ'S WHOLESALE CLUB PELHAM MANOR and
BJ'S WHOLESALE CLUB HOLDINGS, INC.,

          Defendants.
------------------------------------------------------------------------X

Index No.:
Date Filed:
**Plaintiff Designates:**
Bronx County
**Basis of Venue:**
Plaintiff's Residence

**SUMMONS**

Plaintiff's Residence:
152 Tier Street
Bronx, New York
County of: Bronx

To the above named Defendant:

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: South Ozone Park, New York
    January 28, 2021

              ABRAHAM AND ABRAHAM
              Attorneys and Counselors at Law, LLC
              Attorneys for Plaintiff
              130-22 Rockaway Blvd.
              South Ozone Park, NY 11420
              718-848-3165

**DEFENDANTS' ADDRESSES:**

**BJ'S WHOLESALE CLUB, INC.**
C/O C T Corporation System
111 Eighth Avenue
New York, New York, 10011

**BJ'S WHOLESALE CLUB PELHAM MANOR**
825 Pelham Pkwy.
Pelham, NY 10803

**BJ'S WHOLESALE CLUB HOLDINGS, INC.**
CT Corporation System
111 Eighth Avenue
New York, New York, 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
BARTOSZ GORZKO,

                              Plaintiff,                      **VERIFIED COMPLAINT**

            -against-                                    Index#:

BJ'S WHOLESALE CLUB, INC.,
BJ'S WHOLESALE CLUB PELHAM MANOR and
BJ'S WHOLESALE CLUB HOLDINGS, INC.,

                              Defendants.
------------------------------------------------------------------------X

        The Plaintiff, through his attorneys Abraham and Abraham Attorneys and Counselors at Law, LLC, respectfully alleges at all times mentioned herein upon information and belief that:

<u>**FOR A FIRST CAUSE OF ACTION:**</u>

1.    The Plaintiff, BARTOSZ GORZKO was and still is a resident of the County of Bronx, the City and State of New York.

2.    The Defendant, BJ'S WHOLESALE CLUB, INC. was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.    The Defendant, BJ'S WHOLESALE CLUB PELHAM MANOR was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

4.    The Defendant, BJ'S WHOLESALE CLUB HOLDINGS, INC. was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.    At all times hereinafter mentioned, the Defendants owned a certain business,

building and premises located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

6. At all times hereinafter mentioned, the Defendants operated a certain business, building and premises located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

7. At all times hereinafter mentioned, the Defendants maintained a certain business, building and premises located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

8. At all times hereinafter mentioned, the Defendants managed a certain business, building and premises located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

9. At all times hereinafter mentioned, the Defendants controlled a certain business, building and premises located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

10. At all times hereinafter mentioned, the Defendants leased a certain business, building and premises located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

11. Upon information and belief that all times hereinafter mentioned, the Defendants, their agents, servants and/or employees operated the aforesaid business and premises.

12. Upon information and belief that all times hereinafter mentioned, the Defendants, their agents, servants and/or employees maintained the aforesaid business and premises.

13. Upon information and belief that all times hereinafter mentioned, the Defendants their agents, servants and/or employees controlled the aforesaid business and premises.

14. That at all times herein mentioned, and for some time prior thereto, the Defendants, reserved to themselves, their servants, agents, employees and contractors, the ownership, operation, maintenance, management and control of the said business and premises and hired agents, servants, employees, contractors and others to fulfill their obligations of ownership, operation, maintenance, management and control of the subject business and premises.

15. That at all times herein mentioned, the aforementioned business and premises was known as ""BJ's Wholesale Club Pelham Manor".

16. The Defendants, through themselves, their servants, agents and/or employees, had a duty to use reasonable care and diligence in the ownership, management, maintenance, and operation of the aforesaid business and premises.

17. The Defendants, by themselves, their servants, agents and/or employees, had a duty to make and keep safe the aforesaid business and premises, for those persons lawfully traversing upon said premises, including the Plaintiff, BARTOSZ GORZKO.

18. That at all times herein mentioned, the plaintiff was lawfully inside the aforementioned business and premises known as ""BJ's Wholesale Club Pelham Manor" located at 825 Pelham Parkway, in the Town of Pelham, County of Westchester, State of New York.

19. On or about August 20, 2020, the Plaintiff, BARTOSZ GORZKO was lawfully

traversing an aisle within the aforesaid premises when he was caused to trip and fall due to an empty, unattended palette on the ground threat.

20. On or about August 20, 2020, the Plaintiff, while traversing the aforesaid premises, was caused to sustain severe and permanent injuries when he tripped and fell due to the unsafe, dangerous and hazardous conditions existing within said premises.

21. The Plaintiff was caused to sustain severe and permanent injuries due to the negligence of the Defendants.

22. The Defendants were negligent in allowing the aforesaid premises to become and remain in an unsafe, dangerous and hazardous condition.

23. The accident occurred through the negligence of the Defendants, in that by their servants, agents and/or employees, they failed to manage, operate and properly maintain the aforesaid business and premises in a safe and diligent manner.

24. Upon information and belief, the Defendants had actual knowledge and notice of the dangerous and hazardous conditions of the business and premises, or the same existed for a sufficient length of time prior to the accident herein alleged that the Defendants could have and should have had such knowledge and notice.

25. Upon information and belief, the Defendant had constructive knowledge and notice of the dangerous and hazardous conditions of the business and premises, or the same existed for a sufficient length of time prior to the accident herein alleged that the Defendants could have and should have had such knowledge and notice.

26. The carelessness, recklessness and/or negligence of Defendants included causing, creating, exacerbating and/or contributing to a dangerous condition; failing to provide a safe environment; failing to warn plaintiff of a dangerous condition;

failing to properly inspect the premises; failing to correct a dangerous condition, despite having actual and/or constructive notice of it; and otherwise being careless, reckless and/or negligent.

27. Additionally, Defendants, acting through their agents, servants and/or employees, were guilty of several acts of negligence that proximately caused plaintiff's trip, fall and resulting injuries including, but not limited to:

   1. allowing the empty palette to be present on the premises;

   2. failing to adequately and timely inspect the premises, including the aisles of the premises, upon information and belief, in accordance with Defendants' own standards and regulations;

   3. failing to properly remove the empty palette at a time when Defendants knew the premises, and the aisles located thereon, were hazardous;

   4. allowing the empty palette to remain in the aisle located on the premises for such a length of time as it would have been discovered and removed by an entity exercising ordinary care; and

   5. creating and/or exacerbating the conditions that caused plaintiff to trip and fall.

28. As a direct and proximate result of Defendants' negligence, plaintiff suffered severe, permanent and disabling physical injuries. That by reason of the above injuries, he was rendered sick, sore, lame, and disabled, was and will be incapacitated for a long time to come, has been informed and believes that certain of his injuries are permanent in their nature, was unable to attend to his usual duties for a considerable time, required surgery and other medical aid and

attention, suffered grievous physical pain and mental anguish and will continue to suffer pain for a considerably time to come.

29. By reason of the aforesaid, plaintiff is unable to perform his normal and customary duties as well as his usual recreation and leisure activities.

30. The fall and resulting injuries described above occurred solely as a result of the carelessness, recklessness and/or negligence Defendants, their servants, agents and/or employees, without any fault attributable to plaintiff.

31. The limitations on liability set forth in CPLR Article 16 do not apply herein as one or more of the exemptions in CPLR § 1602 applies.

32. That by reason of the foregoing, the Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the Plaintiff, BARTOSZ GORZKO demands judgment against the Defendants in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: South Ozone Park, New York
January 28, 2021

Signature (Rule 130-1.1-a)

_____
Irwin D. Abraham, Esq.
Abraham and Abraham
Attorneys and Counselors at Law, LLC
Attorneys for Plaintiff
130-22 Rockaway Blvd.
South Ozone Park, New York 11420
(718) 848-3165

STATE OF NEW YORK )
:ss
COUNTY OF QUEENS )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am **Irwin D. Abraham, Esq.**

the attorney(s) of records for the   Plaintiff   in the within action;

I have read the foregoing **COMPLAINT**

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe it to be true. The reason this verification is made by me and not by the Plaintiff is that the Plaintiff is not now readily available within the County of Queens where deponent has his office. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Written communications of the Plaintiff, telephone and personal interviews, photos, conversations and documents relating to the cause of action herein which are in your deponent's possession. (Note: substitute "Defendant" for "Plaintiff" or plural, if applicable.)

I affirm the foregoing statements are true, under the penalties of perjury.

Dated: 1/29/2021                                   _____

**Irwin D. Abraham, Esq.**